RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0208-MR

DONALD J. SHARP                               APPELLANT

v.               APPEAL FROM GREEN CIRCUIT COURT
              HONORABLE JUDY VANCE MURPHY, JUDGE
              ACTION NO. 22-CI-00004

SAMUEL L. SHARP AND DOUGLAS
H. SHARP                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE: Donald Sharp ("Donald") appeals the Green Circuit Court's order granting summary judgment to his brothers Samuel Sharp ("Samuel") and Douglas Sharp ("Douglas") in Donald's adversarial action regarding the administration of their mother's estate. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Eleanor Sharp ("Eleanor") died on April 1, 2020. Her surviving heirs were her three (3) sons, Donald, Samuel, and Douglas. Eleanor's Will, which she executed in 1981, left all her property and residue to her husband, Claude L. Sharp, Jr. If Claude predeceased her, she devised all her property to her three sons equally.

In August 2008, Eleanor and Samuel opened a Fifth Third Bank Account with both Eleanor and Samuel listed as account owners ("Account 9442"). In March 2010, Eleanor and Samuel opened a Fifth Third Securities Account ("Securities Account 2600"), with Eleanor and Samuel listed as owners.

In early 2015, Eleanor and Samuel executed a Transfer on Death Registration and Beneficiary Designation Form whereby they identified Eleanor as the primary owner of Securities Account 2600, Samuel as joint owner, and Douglas and Donald as the primary beneficiaries upon the death of the last account owner.

In October 2015 and November 2018, Donald contacted Fifth Third – purportedly on Eleanor's behalf – and attempted to change the ownership status of Securities Account 2600. Additionally, Appellees produced evidence of large amounts of money Eleanor had already given to Donald. For example:

> Q. So, Don, if the record reflects everything we went over shows and an amount, whether borrowed or given to

you from your mother, equates to $59,290.00, and I will be sure to check my math, too. Would you dispute that we have evidence or proof here today which you have acknowledged, whether it be your mother's signature or your signature, of approximately $59,290.00 borrowed or received from your mother?

A. No.

Given concerns regarding the amount of money Eleanor gave to Donald and Donald's attempts to change the ownership of Securities Account 2600, Samuel and Eleanor opened a bank account at Fifth Third on July 9, 2018, in Samuel's name only ("Account 3004"). Fifth Third, led by specialist compliance officer Eric Schlinger, also conducted an independent investigation to determine if Eleanor desired to change the ownership status of Securities Account 2600.

On December 5, 2018, Schlinger issued a formal correspondence to Eleanor and Samuel setting forth his findings, stating:

> In researching this matter, we have spoken to both you and your son, Samuel Sharp, who is also a joint owner on this account. When we spoke to you (Eleanor Sharp) over the phone, you stated that you had not written any letter to us and that it was your desire to leave the account beneficiaries as is. In our conversation with Samuel, we learned that it was not you who wrote the letter and the account was created per your original intent. Finally, we note that you signed the attached account application where you attested to your understanding and [conformation] of the information provided therein, including the account registration type and beneficiary election.

Based upon our findings, Fifth Third Securities, Inc., will not re-register your account nor change your beneficiary election, per the request in the letter.

Thereafter, Eleanor took no action to change Securities Account 2600's ownership before her death in April 2020.

On January 19, 2022, Donald filed this action under Kentucky Revised Statute ("KRS") 394.240, seeking to require Samuel and Douglas to forward Eleanor's estate all funds held by Fifth Third that originated from Eleanor. Donald also requested an order disqualifying and removing Samuel and Douglas as co-executors of Eleanor's estate for alleged breaches of their fiduciary duties.

On January 13, 2023, the circuit court entered a summary judgment, finding no genuine issues of material fact existed regarding Donald's asserted claims. This appeal followed.

## ANALYSIS

### a. Standard of Review

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citation omitted). "There is no requirement that the appellate court defer to the trial court since factual findings are not at issue." *Id.* (citation omitted).

-4-

Additionally, "[t]he record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment "is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Id.*

### b. Discussion

On appeal, Donald asserts that Eleanor's Will indicated her desire for whatever funds and possessions she had at her passing be divided evenly between her three sons.

### 1. Securities Account 2600

Donald's primary argument on appeal is that the $106,275.68 Samuel transferred from Securities Account 2600 into Account 3004 were funds belonging to Eleanor's estate. We disagree. Securities Account 2600 is governed by KRS 292.6507, which states that "[o]n death of a sole owner *or the last to die of all multiple owners*, ownership of securities registered in beneficiary form passes to the beneficiary or beneficiaries who survive all owners." (Emphasis added.) Moreover, the Kentucky Supreme Court has made it clear that such brokerage accounts pass outside of probate, with ownership passing directly to the named beneficiaries on the owner's death. *Estate of Mcvey v. Department of Revenue*, 480 S.W.3d 233, 236 (Ky. 2015). Specifically, the Court reiterated the statutory

language that any transfer "is effective by reason of the contract regarding the registration between the owner and the registering entity and KRS 292.6501 to 292.6512 *and is not testamentary*." KRS 292.6509; *Id*. (emphasis added).

In this case, Eleanor and Samuel opened Securities Account 2600, a joint account with the right of survivorship. Thus, upon Eleanor's passing, the ownership of Securities Account 2600 was transferred to Samuel as the account's remaining joint owner.

Moreover, although the Transfer on Death Registration and Beneficiary Designation Form named Donald and Douglas as beneficiaries, such beneficiary designation was irrelevant until the last owner's death. Stated differently, despite Donald being named as a beneficiary of Securities Account 2600, he had no ownership interest in the account until the death of the last owner of Securities Account 2600.

Moreover, Donald acknowledged that a non-testamentary asset such as Securities Account 2600 passed outside of probate:

> Q. And you had also acknowledged that being a joint owner of those accounts is a non-testamentary asset?
>
> A. Yes.
>
> Q. It passes outside of probate?
>
> A. Yes.

-6-

Thus, no genuine issue of material fact exists as to whether Securities Account 2600 passed directly to Samuel – the named joint owner – on the death of Eleanor and outside of probate. KRS 292.6507. Instead, the transfer is "effective by reason of the contract regarding the registration between the owner and the registering entity and KRS 292.6501 to 292.6512 and is not testamentary." *Estate of McVey*, 480 S.W.3d at 236.

Additionally, no genuine issue of material fact exists regarding whether Eleanor wanted to change the ownership or beneficiary status of Securities Account 2600. Notably, after receipt of Fifth Third's findings, Eleanor never took action to change the ownership of Securities Account 2600 before her death. Therefore, Eleanor and Samuel could transfer the funds as they desired, regardless of the terms of Eleanor's Will. Accordingly, the Appellees were entitled to summary judgment as a matter of law, irrespective of whether any monies remained in the account at Eleanor's death.

## 2. Account 9442 and Account 3004

Donald further asserts that genuine issues of material fact exist regarding Account 9442, which Eleanor and Samuel jointly owned, and Account 3004, which Samuel owned and into which the funds from Securities Account 2600 were transferred. Under KRS 391.315(1)(a), "[s]ums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties to the

account as against the estate of the decedent *unless there is clear and convincing written evidence of a different intention at the time the account is created.*" (Emphasis added.) Thus, "[t]he statute . . . creates a rebuttable presumption that a qualifying 'joint account' is a survivorship account." *Spencer v. Estate of Spencer*, 313 S.W.3d 534, 541 (Ky. 2010).

We agree with the Appellees that Donald has not provided clear and convincing written evidence to overcome KRS 391.315(1)(a)'s presumption of survivorship. Thus, upon Eleanor's death, Samuel became the sole owner of Account 9442. Additionally, because Eleanor and Samuel transferred the monies in Securities Account 2600 to Account 3004 – owned solely by Samuel – the funds' ownership remained unchanged upon Eleanor's death.

Donald relies on KRS 391.310(1), which states that "[a] joint account belongs, *during the lifetime of all parties*, to the parties in proportion to the net contributions by each to the sums on deposit, unless there is clear and convincing evidence of a different intent." (Emphasis added.) However, this language only applies to ownership during the parties' lifetimes and not the transfer of ownership upon the death of one of the parties. Indeed, "[w]e have no evidence in this record that any of the joint accounts had any intention other than that the survivor take all and that the transfer of the asset be non[-]testamentary." *Herren v. Cochran*, 697 S.W.2d 149, 152 (Ky. App. 1985) (citation omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, we affirm the Green Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEES:

Donald J. Sharp               John A. Elder, IV
Greensburg, Kentucky         Lebanon, Kentucky